### Russell A. MERINAR, Plaintiff–Appellant,

v.

### The COUNTY OF LOS ANGELES; Raul Macias, Los Angeles County Sheriff Deputy, individual & official capacity, Defendants–Appellees.

#### No. 14–55018.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2014.*

Filed Dec. 17, 2014.

Russell A. Merinar, Chowchilla, CA, pro se.

Elise Hur, Amber A. Logan, Henry Patrick Nelson, Nelson & Fulton, Los Angeles, CA, for Defendants–Appellees.

---

*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: WALLACE, LEAVY, and BYBEE, Circuit Judges.

MEMORANDUM **

Russell A. Merinar appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various constitutional violations in connection with his arrest and detention. We have jurisdiction under 28 U.S.C. § 1291. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the imposition of terminating sanctions. *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). We affirm.

The district court did not abuse its discretion by imposing terminating sanctions under Federal Rules of Civil Procedure 37(b)(2) and 41(b) due to Merinar's willful violations of the court's discovery orders that prevented defendants from conducting meaningful discovery. *See Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (factors for determining whether to dismiss under Fed.R.Civ.P. 41(b)); *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096–97 (factors for evaluating terminating sanctions).

We do not address Merinar's challenges to the denial of leave to amend or of appointment of counsel because the district court imposed terminating sanctions. *See Omstead*, 594 F.3d at 1085 (appeal from Rule 41(b) dismissal does not permit review of interlocutory orders); *Al–Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996) ("[I]nterlocutory orders, generally appealable after final judgment, are not appealable after a dismissal for failure to prosecute, 'whether the failure to prosecute is purposeful or is a result of negligence or mistake.'" (citation omitted)).

Merinar's motion to clarify, filed June 2, 2014, is denied as moot.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.